UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAIME REBORN, | ) |
| Plaintiff, | ) Case No.: 2:15-cv-02036-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| NEVADA STATE EDUCATION ASSOCIATION NSEA, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendant Nevada State Education Association ("NSEA"). Plaintiff Jaime Reborn ("Plaintiff") filed a Response (ECF No. 14), and NSEA filed a Reply (ECF No. 16). Plaintiff also filed a Sur-Reply (ECF No. 21) to NSEA's Reply.[1]

Also before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendant National Staff Organization–Nevada ("NSO–Nevada"), to which Plaintiff filed a Response (ECF No. 15). NSO–Nevada did not file a Reply. For the reasons discussed below, the Court **GRANTS** both NSEA and NSO–Nevada's Motions to Dismiss.

---

[1] NSEA asserts that Plaintiff's Sur-Reply should be stricken because Plaintiff neither sought nor obtained leave from the Court to file a sur-reply. (Mot. to Strike 2:18–22, ECF No. 24). Local Rule 7–3(b) allows for motion, a response, and a reply. No provision exists for filing a sur-reply. Thus, a party must obtain leave from the Court before filing a sur-reply. "A sur-reply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond.*" *Kanvick v. City of Reno*, No. 3:06-cv-00058-RAM, 2008 WL 873085, at *1 n.1 (D. Nev. Mar. 27, 2008). Further, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. W.*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Here, Plaintiff did not request leave from the Court to file a sur-reply. Accordingly, the Court grants NSEA's Motion to Strike (ECF No. 24), and Plaintiff's Sur-Reply (ECF No. 21) is stricken from the record.

## I. **BACKGROUND**

This case centers upon allegations that NSEA and NSO–Nevada (collectively "Defendants") breached the collective bargaining agreement governing the terms of Plaintiff's employment. (*See* Compl. 10:12–3, ECF No. 1; NSEA MTD, 2:16–18, ECF No. 5). Plaintiff alleges that until December 31, 2012, he was an employee of NSEA and a member of NSO–Nevada, the "union that represent[s] NSEA non-management staff members." (Compl. 1:26–2:5). Plaintiff alleges that on August 13, 2012, he applied for a Director of Communications position with NSEA.[2] (*Id.* 2:8–10). According to Plaintiff, NSEA "unbelievably" responded "that [his] qualifications did not merit and [sic] interview for Director of Communications." (*Id.* 2:14–15). Plaintiff alleges "that [he] knew, without question, that [he] was qualified for the position." (*Id.* 2:15–17).

Based on NSEA's failure to interview Plaintiff for the Director of Communications position, Plaintiff alleges that on September 13, 2012, he "officially asked [NSO–Nevada], via email, to file a grievance on [his] behalf." (*Id.* 3:16–19). Subsequently, on December 31, 2012, NSEA allegedly eliminated Plaintiff's position and terminated his employment. (*Id.* 7:6–9). Plaintiff alleges he "continued to pay union dues to NSO-Nevada until [his] last day as an official employee of NSEA." (*Id.* 7:22–23). Plaintiff further alleges that "NSO–Nevada took no actions to fight for [his] job . . . nor did the NSO–Nevada take any actions [sic] to fight for [his] request to interview for the Director of Communications [position]." (*Id.* 7:19–21).

Based on these allegations, the Complaint sets forth claims against both Defendants for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty. (*Id.* 22:4–28:22).

---

[2] Although Plaintiff's Complaint states that he submitted his application in "2015," the Court surmises from the context of this statement that "2015" was a typo. (*See* Compl. 2:10) (alleging that the application deadline was "August 15th, 2012").

In the instant Motions, Defendants argue that the Court should dismiss all of Plaintiff's claims.

## II. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.   DISCUSSION**

The instant Motions to Dismiss both argue that Plaintiff's claims are (1) preempted by § 301 of the Labor Management Relations Act ("LMRA"), 1947, 29 U.S.C. § 185, (2) subject to the statute of limitations therein, and (3) therefore untimely.  In response, Plaintiff does not dispute that his claims are preempted and instead argues in favor of tolling the applicable statute of limitations.  Nevertheless, the Court first considers whether Plaintiff's claims are preempted by § 301 of the LMRA and then turns to Plaintiff's tolling argument.

**1.     *Preemption***

Section 301 of the LMRA provides for suits in the district courts for violation of collective bargaining agreements between individual employees, labor organizations, and employers without regard to the amount in controversy. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).  Section 301 preempts state law causes of action that necessarily involve interpretation of, or reference to, the terms of a collective bargaining agreement. *See, e.g.*, *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985).  A suit by an employee against the union and the employer for unfair treatment and violation of the duty of fair representation is called a "hybrid action." *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987).  The applicable statute of limitations for a hybrid action is six months. *Del Costello v. Teamsters*, 462 U.S. 151, 171 (1983).  The statute of limitations "begins to run when an employee knows or should have known of the alleged breach of duty of fair representation." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

Plaintiff's claims against Defendants for breach of contract, breach of the duty of implied covenant of good faith and fair dealing, and breach of fiduciary duty are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008).  Indeed, the Complaint lists the related bargaining agreement articles "in dispute" for each cause of action and states that the alleged breaches occurred "per [Defendants'] contract with [Plaintiff]." (Compl. 10:13, 22:8–20, 24:9–25:5, 27:4–28:4).  Thus, each of Plaintiff's claims are subsumed in what amounts to an alleged breach of NSO–Nevada's duty to fairly represent Plaintiff as required by the bargaining agreement.  Therefore, although Plaintiff's claims are framed under state law, they are clearly preempted and subject to the six-month statute of limitations. *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990) ("[P]reemption is required if his claims can be resolved only by referring to the terms of the agreement.").

Plaintiff's claims accrued no later than December 31, 2012, the date of his termination with NSEA and the last month Plaintiff paid dues to NSO–Nevada.[3] (*See* Compl. 7:22–23). Plaintiff, however, did not file his Complaint until October 21, 2015, at least thirty-four months later. (*See id.*). Thus, taking Plaintiff's allegations as true, Plaintiff's claims are time-barred by the six-month statute of limitations.

### 2. *Equitable Tolling*

Plaintiff does not dispute that his claims are preempted or that the six-month statute of limitations applies. Instead, Plaintiff argues that the statute of limitations should be tolled because the Defendants engaged in "fraudulent concealment" when they "concealed" from Plaintiff that Nick DiArchangel ("DiArchangel"), the individual to whom NSEA offered the Director of Communications position, did not have a master's degree at the time of his hire. (Resp. to NSO–Nevada MTD 2:20–21, ECF No. 15; Resp. to NSEA MTD 1:22–23, ECF No. 14).

Although tolling may be appropriate where fraud has occurred, *see Gardner v. International Telegraph Employees Local No. 9*, 850 F.2d 518, 523 (9th Cir. 1988) (holding that a plaintiff may toll his fair representation claim only if he was totally and reasonably ignorant of the fact that the union lied to him), there is no plausible basis for such tolling in the instant case. Plaintiff's allegation of fraudulent concealment has no bearing on NSO–Nevada's failure to initiate a grievance or NSEA's failures to "fully vet[ Plaintiff's] application" or "allow[ Plaintiff] to interview for the Director of Communications position." (Compl. 22:23–

---

[3] While the exact date of accrual for Plaintiff's claims is unclear, the Complaint concedes that Plaintiff knew of Union's alleged breach of duty of fair representation some time before December 31, 2012. (*See* Compl. 28:20–22) ("I was under the impression, up until the day that I was no longer employed by NSEA that the NSO-Nevada was formulating a plan to file a grievance on my behalf."). For example, Plaintiff alleges that he knew on September 26, 2012 that Union did not intend to file a grievance on his behalf. (*Id.* 5:17–28). Further, as early as November 27, 2012, Plaintiff informed NSEA of his "intention to take legal action against the NSEA (and NSO-Nevada)." (*Id.* 21:3–4). Finally, Plaintiff makes no allegation that any event related to the Complaint occurred after December 31, 2012. Thus, Plaintiff's claims could not have accrued after December 31, 2012.

25). Accordingly, even assuming Defendants concealed DiArchangel's job qualifications, Plaintiff has not demonstrated any reason to toll the six-month statute of limitations. Because Plaintiff's claims are therefore time-barred, Defendants' Motions to Dismiss are granted.

However, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*; *Foman*, 371 U.S. at 182. Generally, the Court denies leave to amend only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto*, 957 F.2d at 658. Further, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Because amending Plaintiff's Complaint to allege facts demonstrating that tolling is appropriate would resolve the deficiencies in Plaintiff's Complaint, the Court finds that amendment would not be futile. Therefore, the Complaint is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint curing this defect. Plaintiff may file an amended complaint within twenty-one days of the date of this Order explaining the basis of any alleged exceptions to the statute of limitations. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claims against Defendants with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that NSEA's Motion to Strike (ECF No. 24) is **GRANTED.** Plaintiff's Sur-Reply (ECF No. 21) is hereby stricken from the record.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 5, 9) are **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint. Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiff's claim with prejudice.

**DATED** this ___31___ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge