# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAIME REBORN,                         )
                                     )
              Plaintiff,            )       Case No.: 2:15-cv-02036-GMN-NJK
    vs.                               )
                                       )            **ORDER**
NEVADA STATE EDUCATION             )
ASSOCIATION NSEA, *et al.*,             )
                                     )
            Defendants.            )
_____)

      Pending before the Court is the Motion to Dismiss, (ECF No. 35), filed by Defendant National Staff Organization–Nevada ("NSO–Nevada").  Plaintiff Jaime Reborn ("Plaintiff")[1] filed a Response, (ECF No. 40),[2] and NSO–Nevada filed a Reply, (ECF No. 41).

      Also before the Court is the Motion to Dismiss, (ECF No. 36), filed by Defendant Nevada State Education Association ("NSEA").  Plaintiff filed a Response, (ECF No. 39), and NSEA filed a Reply, (ECF No. 42).  For the reasons discussed below, the Court **GRANTS** both NSEA and NSO–Nevada's (collectively "Defendants") Motions to Dismiss.[3]

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff actually filed two Responses to NSO–Nevada's Motion to Dismiss, the first on September 8, 2016, and the second on September 9, 2016. (ECF Nos. 38, 40).  A review of both documents reveals the first Response is identical to the second except that the second page of the ECF No. 38 is clearly missing.  The Court therefore construes the ECF No. 40 as the operative Response.

[3] Also pending before the Court is NSO–Nevada's Motion asking "the Court to Order Plaintiff Jamie Reborn to amend his Amended Complaint (Doc. 32) to number each paragraph and limit the allegations included in each paragraph to a single set of circumstances, as required by FRCP 10(b)." (Mot. 1:19–26).  Because Plaintiff ultimately filed a Second Amended Complaint, (ECF No. 34), with numbered paragraphs, the Court DENIES NSO-Nevada's Motion as moot.

1

## I.   **BACKGROUND**

2    This case centers upon allegations that Defendants breached the collective bargaining

3    agreement governing the terms of Plaintiff's employment. (*See* Compl. 10:12–3, ECF No. 1;

4    NSEA MTD, 2:16–18, ECF No. 5).  Plaintiff alleges that until December 31, 2012, he was an

5    employee of NSEA and a member of NSO–Nevada, the "union that represent[s] NSEA non-

6    management staff members." (Compl. 1:26–2:5).  Plaintiff alleges that on August 13, 2012, he

7    applied for a Director of Communications position with NSEA.[4] (*Id.* 2:8–10).  According to

8    Plaintiff, NSEA "unbelievably" responded "that [his] qualifications did not merit and [sic]

9    interview for Director of Communications." (*Id.* 2:14–15).  Plaintiff alleges "that [he] knew,

10   without question, that [he] was qualified for the position." (*Id.* 2:15–17).

11   Based on NSEA's failure to interview Plaintiff for the Director of Communications

12   position, Plaintiff alleges that on September 13, 2012, he "officially asked [NSO–Nevada], via

13   email, to file a grievance on [his] behalf." (*Id.* 3:16–19).  Subsequently, on December 31, 2012,

14   NSEA allegedly eliminated Plaintiff's position and terminated his employment. (*Id.* 7:6–9).

15   Plaintiff alleges he "continued to pay union dues to NSO-Nevada until [his] last day as an

16   official employee of NSEA." (*Id.* 7:22–23).  Plaintiff further alleges that "NSO–Nevada took

17   no actions to fight for [his] job . . . nor did the NSO–Nevada take any actions [sic] to fight for

18   [his] request to interview for the Director of Communications [position]." (*Id.* 7:19–21).

19   Based on these allegations, Plaintiff filed his Complaint against both Defendants,

20   asserting claims for: (1) breach of contract; (2) breach of the covenant of good faith and fair

21   dealing; and (3) breach of fiduciary duty. (*Id.* 22:4–28:22).  Each Defendant subsequently filed

22   Motions to Dismiss, arguing that Plaintiff's claims are (1) preempted by § 301 of the Labor

23

24   ――――――――――――――――――

25   [4] Although Plaintiff's Complaint states that he submitted his application in "2015," the Court surmises from the context of this statement that "2015" was a typo. (*See* Compl. 2:10) (alleging that the application deadline was "August 15th, 2012").

Management Relations Act ("LMRA"), 1947, 29 U.S.C. § 185, (2) subject to the statute of limitations therein, and (3) therefore untimely. (*See* Mots. to Dismiss, ECF Nos. 5, 9).

The Court agreed that Plaintiff's claims "are clearly preempted [by the LMRA] and subject to the six-month statute of limitations." (Order 5:23, ECF No. 30). Because "Plaintiff's claims accrued no later than December 31, 2012" and "Plaintiff . . . did not file his Complaint until October 21, 2015," the Court determined that Plaintiff's claims are time-barred. (*Id.* 6:1–5). Further, the Court rejected Plaintiff's argument that the statute of limitations should be tolled because the Defendants engaged in "fraudulent concealment" when they "concealed" from Plaintiff that the individual to whom NSEA offered the Director of Communications position, Nick DiArchangel ("DiArchangel"), did not have a master's degree at the time of his hire. (Resp. to NSO–Nevada MTD 2:20–21, ECF No. 15; Resp. to NSEA MTD 1:22–23, ECF No. 14). The Court explained:

> [T]here is no plausible basis for such tolling in the instant case. Plaintiff's allegation of fraudulent concealment has no bearing on NSO–Nevada's failure to initiate a grievance or NSEA's failures to "fully vet[ Plaintiff's] application" or "allow[ Plaintiff] to interview for the Director of Communications position." (Compl. 22:23–25). Accordingly, even assuming Defendants concealed DiArchangel's job qualifications, Plaintiff has not demonstrated any reason to toll the six-month statute of limitations.

(Order 6:14–7:3).

The Court therefore dismissed Plaintiff's claims as time-barred, but granted Plaintiff leave to amend "to allege facts demonstrating that tolling is appropriate." (*Id.* 7:14–20). In the instant Motions to Dismiss, Defendants argue Plaintiff's Second Amended Complaint ("SAC"), (ECF No. 34), again fails to allege any viable exceptions to the LMRA's statute of limitations.

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l*

*v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. <u>DISCUSSION</u>

The Court's Order dismissing Plaintiff's Complaint explained that any facts related to DiArchangel could not form a basis for equitable tolling. (Order 6:7–7:3, ECF No. 30).  Indeed, as the Court stated, such facts are entirely irrelevant to Plaintiff's claims regarding NSEA's failure to "allow[] [him] to interview for the job of NSEA DOC and not vetting [his] qualifications for the job," and NSO−Nevada's failure to file a grievance on Plaintiff's behalf. (*See* SAC ¶¶ 59–93, ECF No. 34).  After reviewing the SAC, the Court finds Plaintiff's allegations regarding equitable tolling merely regurgitate the claims concerning DiArchangel already rejected by the Court.  Accordingly, the Court GRANTS Defendants' Motions and dismisses Plaintiff's SAC as time-barred.  Because Plaintiff has already received a second chance to reform his Complaint in this regard, the Court concludes that granting leave to amend would be futile and dismisses Plaintiff's SAC with prejudice. *See Foman*, 371 U.S. at 182

(noting "futility of amendment" and "repeated failure to cure deficiencies by amendments previously allowed" are grounds on which leave to amend may be denied).

## IV.    <u>CONCLUSION</u>

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss, (ECF Nos. 35, 36), are **GRANTED**.  Plaintiff's Second Amended Complaint is **DISMISSED with prejudice**.

IT IS FURTHER ORDERED that NSO—Nevada's Motion for a More Definite Statement, (ECF No. 33), is **DENIED as moot**.

The Clerk of Court is instructed to close this case.

**DATED** this __10__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge